Law Library

FILED
SUPERIOR COURT

2012 AUG 22 PM 3: 59

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THOMAS S. M. SAN NICOLAS, | ) | DOMESTIC CASE NO. DM0292-06 |
| | ) | |
| Plaintiff, | ) | **DECISION AND ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| MELINDA S. SAN NICOLAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 1st day of June, 2012, for hearing on Defendant's Motion to Amend Judgment. Attorney Benjamin Hueber represented the Plaintiff, and Defendant appeared *pro se*. The Court now issues the following Decision and Order on the matter presented.

### DISCUSSION

At the outset, the Court notes that the Defendant's motion is a "Motion to Amend" requesting reconsideration of the Court's Decision and Order on the issue of permanent child support issued on March 6, 2012.

With a single citation to Rule 52(b) of the Guam Rules of Civil Procedure, Defendant has filed a "Motion to Amend." Pursuant to Rule 52(a), a court may hold trial in an action and thereupon "find the facts specially, and state separately its conclusions of law thereon, . . ." Guam R. Civ. P. 52(a)(2012). Under Rule 52(b), a party may challenge these findings of fact

and conclusions of law made after trial; "[o]n a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Guam R. Civ. P. 52(b)(2012). In this case, the Defendant seeks to challenge the correctness of the Court's decision and order issued after a motion hearing. The Court did not hold trial, and did not issue findings of fact and conclusions of law on the issue of permanent child support. Accordingly, Defendant's reliance on Rule 52(b) is misplaced.

Pursuant to Rule 59(e) a party may file a motion to alter or amend a judgment, and pursuant to Rule 60(b) a party may request the court for relief from either a judgment or order. There are important distinctions between the two types of motions. Rule 59(e) is applicable only to final judgments, while Rule 60(b) may grant relief from both judgments and orders. More importantly, the two motions are judged by differing standards and produce different results. Van Skiver v. U.S., 952 F.2d 1241, 1243 (10th Cir.1991); *also compare* Ward v. Reyes, 1998 Guam 1, *with* Merchant v. Nanyo Realty, Inc., 1998 Guam 26.

As Defendant has failed to designate which rule is applicable to this particular "Motion to Amend," the Court must first ascertain whether Rule 59(e) or Rule 60(b) is determinative.

GRCP 59(e) provides in relevant part: "Motion to Alter or Amend Judgment. A motion to alter or amend judgment shall be served not later than 10 days after entry of the judgment." Guam R. Civ. P. Rule 59(e)(2012). Rule 59(e) grants a court the discretion to relieve a party from judgment when the court is presented with new evidence, the decision is manifestly unjust or is incorrect, or there is an intervening change in controlling law, provided that the party moves for relief not more than ten days after a judgment was entered. Ward v. Reyes, 1998

Guam 1 ¶ 2 (citing <u>School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir.1993) *cert. denied*, 512 U.S. 1236 (1994)).

Defendant specifically requests "review and amendment of the ORDER filed in this case on March 6, 2012(.)" <u>San Nicolas v. San Nicolas</u>, Domestic Case No. DM0292-06, Motion to Amend Judgment, p. 1, line 15 (filed March 19, 2012)(capitalization in original). The Decision and Order of March 6, 2012, does not constitute a final judgment, and in fact, Defendant characterizes this decision as an "ORDER." <u>Id</u>. (capitalization in original). As Defendant does not seek reconsideration of a judgment, but rather, the Decision and Order issued on March 6, 2012, Rule 59(e) provides no grounds for the present motion.

Because only Rule 60(b) may be used to provide relief from an order or interlocutory decision, that rule provides the applicable standard for the current "Motion to Amend." The Court will consider the merits of the motion under the standard for Rule 60(b). Because Defendant mistakenly cites to Rule 52(b) of the Guam Rules of Civil Procedure, Defendant fails to indicate which subsection(s) of Rule 60(b) are applicable to this case, and fails to cite to any applicable standard of law. However, because Defendant argues error, it is apparent to the Court that 60(b)(1) must be addressed.

Rule 60(b) provides in relevant part:

> Mistakes, Inadvertence, Excusable Neglect, Newly Discovered Evidence, Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:(1) mistake, inadvertence, surprise, or excusable neglect;...(4) the judgment is void;...(6) any other reason justifying relief from operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3) not more than one year after the judgment, order, or proceeding was taken.

Guam R. Civ. P. 60(b)(2012).

Rule 60(b)(1) grants a court the discretion to relieve a party from any order or proceeding for reason of mistake, inadvertence, surprise, or excusable neglect, provided that the party moves for relief within a reasonable time and not more than one year after the order was entered. Brown v. Eastman Kodak Co., 2000 Guam 30 ¶ 32 (citing Pioneer Investment Serv., Inc. v. Brunswick Assoc., 507 U.S. 380, 394 (1993)). In this case, Defendant's motion was filed within two weeks of the issuance of the Court's March 6, 2012, Decision and Order. The Court finds that the motion is therefore timely under Rule 60(b)(1).

After review of the motion, the Defendant's "Motion to Amend" does not allege mistake, inadvertence, surprise or excusable neglect; it merely revisits issues already addressed and determined by this Court. When a court has considered all arguments and evidence and a motion for reconsideration merely reiterates and reinforces those arguments, no relief may be granted under Rule 60(b). Van Skiver v. U.S., 952 F.2d 1241, 1243 (10th Cir.1991).

The Supreme Court of Guam has affirmed that the standard for Rule 60(b) motions is more restrictive in cases where the merits of an issue have been adjudicated, holding that "[t]he standard for setting aside a default judgment is distinct from the vacation of disputed and litigated issues." Parkland Development, Inc. v. Anderson, 2000 Guam 8 ¶ 6. The Parkland court specifically articulated the rule governing Rule 60(b) motions after a judgment or a hearing on the merits, and the general inclination is to construe Rule 60(b) relief more rigidly in cases where the merits have been adjudicated than in instances where the merits of an underlying issue or argument have never been addressed.

Most important to the Court's analysis of this motion is the fact that all issues currently raised by the Defendant in her "Motion to Amend" were specifically addressed by the Court in its March 6, 2012, Decision and Order.

Where a court has already addressed the merits of an issue, the utilization of Rule 60(b)(1) to address errors fact or law made by the court is inappropriate, because the finality of judgments must take precedence, and a party seeking to overturn a ruling on a matter of law must appeal the decision. "Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment. The fact that a judgment is erroneous does not constitute a ground for relief under the rule." Silk v. Sandoval, 435 F.2d 1266, 1267-68 (1st Cir. 1971); accord, Tribble v. Bruin, 279 F.2d 424, 427 (4th Cir. 1960); Swam v. United States, 327 F.2d 431, 433 (7th Cir. 1964) cert. denied, 379 U.S. 852 (1964); and Hartman v. Lauchli, 304 F.2d 431, 432 (8th Cir. 1962).

Even in jurisdictions allowing relief under Rule 60(b)(1) for alleged judicial errors, the conclusions or interpretations of the court after considering applicable law and arguments on the merits of an issue do not constitute "mistake" or "error" justifying relief within the purview of Rule 60(b)(1). See, e.g., United States v. 31.63 Acres of Land, 840 F.2d 760, 761-62 & n.4 (10th Cir.1988)(argument that ruling was based on a misapplication of the law does not provide a basis for relief under Rule 60(b)); and Alvestad v. Monsanto Co., 671 F.2d 908, 913 (5th Cir.1982)(argument that district court misinterpreted the law does not come within the ambit of Rule 60(b)). Thus, where a court has carefully considered all arguments and applicable authority, and merely reaches an allegedly flawed conclusion, relief may not be granted on the basis of judicial mistake or error under Rule 60(b)(1).

The Supreme Court of Guam has adopted this line of reasoning, holding that the assertion of issues already addressed or the advancement of arguments which were already presented at the initial hearing on an underlying issue may not be presented anew in the guise of a motion under Rule 60(b)(1) or 60(b)(6). Merchant v. Nanyo Realty, 1998 Guam 26 ¶ 9.

Through the contentions that the Court was incorrect in: 1) its calculation of monthly tuition costs; 2) its application of Richardson v. Richardson, 2010 Guam 14; and 3) its calculation of child support arrears, the Defendant merely reiterates the original issues raised at previous hearings, and persists in attempts to challenge the correctness of the court's reasoning as to the issue of the Court's award of child support. The Court fully determined the merits of each of these issues in its March 6, 2012, Decision and Order. Defendant challenges the holdings of the March 6, 2012, Decision and Order on the basis that she disagrees with the results.

Such arguments are properly brought under Rule 59(e) within ten days of a judgment or on direct appeal, but do not justify relief from judgment pursuant to Rule 60(b). Smith v. Evans, 853 F.2d 155, 159 (3rd Cir.1988)(motion that "alleges no more than legal error and merely reiterates the arguments" is a Rule 59(e) motion); American Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 899, (9th Cir. 2001) (motion which simply restates or reargues issue offers no basis for relief under Rule 60(b)); Sanders v. Clemco Industries, 862 F.2d 161, 170, (8th Cir. 1988) (where motion asserted only issues of law that were previously rejected by the court, the court was not required to grant relief under 60(b) as a substitute for the right to appeal); and CNF Constructors, Inc. v. Donohoe Const. Co., 57 F.3d 395, 401, (4th Cir. 1995)(where motion for relief brought under Rule 60(b) seeks reconsideration of legal issues already addressed in an earlier ruling, the motion is "not authorized by Rule 60(b)," and is appropriately brought as an appeal).

To the extent that the Defendant is attempting to re-argue the merits of her previously raised claims regarding child support, the Defendant is asking the Court to grant an appeal. The Court will not revisit issues upon which it has already spent significant time and effort

determining. The Defendant raises no new facts or law which were overlooked by the Court in making its original determination, rather, she simply disputes the Court's application of the law and the resulting amount of child support awarded. As the Defendant has not stated any basis for reconsideration, the Court will not now re-examine its earlier decision under the guise of Rule 60(b).

## CONCLUSION

After considering the motion, the Court finds that all issues raised in the Defendant's "Motion to Amend" were fully adjudicated by the Court in its Decision and Order of March 6, 2012. Defendant seeks only to reargue previously determined issues of fact and law. This does not merit relief under Rule 60(b)(1). If the Defendant seeks a vacation or modification of this decision and order awarding child support based on a change in circumstances, she may do so as provided under 5 GCA § 34121. Until a motion for modification is filed, no change in the award may be made. 5 GCA § 34121 (2012). Based upon the foregoing, the "Motion to Amend" is DENIED.

AUG 2 2 2012

**IT IS SO ORDERED** this _____.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

AUG 2 2 2012

Valerie D. Tenorio
Deputy Clerk, Superior Court of Guam